IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MELISSA SONNIER, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.:  1:21-cv-367 |
| UNITED PARCEL SERVICE, INC., ET AL | § § § | |
| *Defendants.* | § § § | |

# DEFENDANT'S NOTICE OF REMOVAL

Defendants United Parcel Service, Inc.("UPS") and Cory Thibodeaux in the above-entitled and numbered action, file this Notice of Removal of the underlying state court action under 28 U.S.C. §§ 1331 and 1441, and 1446(b), and in support thereof, respectfully shows the following:

## I.   INTRODUCTION

1. Defendants remove this state-law action brought by Plaintiff Melissa Sonnier, under 28 U.S.C. §§ 1331 and 1441 based on federal question jurisdiction.  Defendants also file this Notice of Removal within thirty days of service of Sonnier's Original Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

## II.   FACTUAL BACKGROUND

2. On June 14, 2021, Sonnier filed her Original Petition against UPS in the 136th Judicial District Court in Jefferson County, Texas, styled *Melissa Sonnier v. United Parcel Service, Inc. et. al*; Cause No. 0207795.  Ex. 1, Pl.'s Orig. Pet.  In her Original Petition, Plaintiff alleges that "This case is an action brought pursuant to rights secured by Texas and federal law."

Ex. 1, at ¶¶ 4.1. She specifies that she is asserting a claim under a federal statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C Section 2000 *et seq*., and "any other applicable state or federal law." *Id*. In addition to her liability claims, Plaintiff seeks "all damages available under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and 42 U. S.C. § 1981a, and any other applicable state or federal law." *Id*. at ¶¶9.1.

3. Sonnier served Defendant UPS with her Original Petition on June 17, 2021. *See* Ex. 2, Proof of Service. Sonnier served Defendant Thibodeaux with her original Petition on June 24, 2021. *See* Ex. 4 Certified Docket Sheet.

4. Defendants thereafter timely filed their General Denial and Defenses on July 12, 2021. *See* Ex. 3, Def.'s General Denial & Defenses. The only pleadings and/or filings in the state court proceeding are Plaintiff's Original Petition and Defendants' General Denial & Defenses.

5. Defendants now timely files its Notice of Removal within 30 days of receiving service of process of Sonnier's Original Petition in accordance with 28 U.S.C. § 1446(b)(1).

### III. ARGUMENTS & AUTHORITIES

*A. Sonnier's Title VII Claims Arise Under Federal Law*

6. Removal of a state court action to federal court is proper under 28 U.S.C. § 1331 if the plaintiff's claims arise under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In this case, Sonnier's Original Petition reflects a claim arising under Title VII of the Civil Rights Act, a federal statute. Ex. 1, Pl.'s Orig. Pet. at ¶¶ 41., 8.3, 8.4, 8.5, and 9.1. It is thus evidence from the face of Sonnier's Original Petition that her claims in this lawsuit, at least in part, "arise under" federal law. In this regard, the jurisdictional requirement of 28 U.S.C. § 1331 is satisfied, making removal proper. Under 28 U.S.C. § 1441, a defendant may remove to federal

court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

### B.     *Supplemental Jurisdiction Exists Over Sonnier's Additional Claims*

7.     In any civil action over which a federal district court has original jurisdiction, the court also possesses supplemental jurisdiction over any other claims that are related to and form part of the same case and controversy.  28 U.S.C. § 1367 (allowing for district court's "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy …").  Here, Sonnier reflects her intention to also assert claims under the Texas Commission on Human Rights Act and claims for negligence, assault, and intentional infliction of emotional distress.  All of the claims are based on alleged wrongs committed by UPS and Sonnier's Center Manager Thibodeaux related to the decision to transfer Plaintiff to another facility, preventing overtime hours, and allegations of sexual harassment.  All of Sonnier's claims brought individually against Cory Thibodeaux for assault, negligence,[1] and intentional infliction of emotional distress form a part of the same case or controversy of Sonnier's allegations of sexual harassment and retaliation.  As a result, Sonnier's state law claims are sufficiently related to her federal Title VII claims so as to afford this Court supplemental jurisdiction under 28 U.S.C. § 1367.  *See Stelly v. Duriso*, 982 F.3d 403, 406 (5th Cir. 2020)(court exercising supplemental jurisdiction over IIED claims following removal of Title VII claims arising out of same case or controversy); *see also Cohen v. Prometric* Inc., No. 3:10-CV-1334-P, 2010 WL 11561930, at *2 (N.D. Tex. Sept. 29, 2010)( court exercising supplemental jurisdiction over Plaintiff's claims under Texas Labor Code because these claims arises out of same cause of action that is basis for claims under federal law).

---

[1] Although Sonnier entitles a section of her Original Petition as "Negligence," with allegations against Defendant Thibodeaux, no actual elements for negligence are asserted.  Instead, Sonnier provides a list of sexual harassment allegations, including indicating that Defendant "violated state and federal law on sexual harassment." Pl.'s Orig. Pet. at D. Negligence.

*C.     Removal is Procedurally Proper.*

8.     Venue is proper in the Eastern District of Texas, Beaumont Division, under 28 U.S.C. §1446(a), as the district and division encompass the place in which the removed action is pending in Jefferson County and Jefferson County is where a substantial part of the events giving rise to Sonnier's claims allegedly occurred. *See generally* Ex. 1, Pl.'s Orig. Pet.

9.     Defendant UPS was served with a copy of Sonnier's Original Petition on June 17, 2021. *See* Ex. 2, Notice of Service. Defendant Thibodeaux was served with a copy of Sonnier's Original Petition on June 24, 2021. *See* Ex. 4 Certified Docket Sheet.  Defendants now timely filed this Notice of Removal within thirty days of service of that Original Petition, as required. 28 U.S.C. § 1446(b)(3); FED. R. CIV. P. 6(a)(1)(C).

10.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, the following exhibits are attached to this Notice of Removal:  True and correct copies of Plaintiff's Original Petition (Ex. 1), the Notice of Service of Process (Ex. 2), Defendants' General Denial & Defenses (Ex. 3), certified copy of the state court's Docket Sheet (Ex. 4), State Court Notice of Removal (Ex. 5), a completed civil cover sheet (Ex. 6), and a complete list of all parties and their attorneys' contact information, addresses, and bar numbers, the current status of the case, and the name of the court from which the case is being removed (Ex. 7).

11.    Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, Defendants will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), Defendants will also file a true and correct copy of this Notice with the clerk of the 136th Judicial District Court, Jefferson County, Texas.

### III.    CONCLUSION & PRAYER

For the foregoing reasons, Defendants United Parcel Service, Inc. (Ohio) and Cory Thibodeaux pray the United States Court for the Eastern District of Texas, Beaumont Division

assumes jurisdiction over this action being removed from the 136th Judicial District Court, Jefferson County, Texas. Defendants also pray for all other relief to which they may be entitled.

                                          Respectfully submitted,

                                          /s/ Shannon B. Schmoyer
                                          Shannon B. Schmoyer
                                          State Bar No. 17780250
                                          Thomas N. Cammack, III
                                          State Bar No. 24073762
                                          Schmoyer Reinhard LLP
                                          8000 IH 10 West, Suite 1600
                                          San Antonio, Texas 78230
                                          Phone:     (210) 447-8033
                                          Fax:  (210) 447-8036
                                          sschmoyer@sr-llp.com
                                          tcammack@sr-llp.com

                                          **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Cody Dishon
Javier Cabanillas
THE FERGUSON LAW FIRM, L.L.P.
Sanchez & Wilson, P.L.L.C.
350 Pine Street, Suite 1440
Beaumont, Texas 77704
Phone:  (409)832-9700 Telephone
Fax:  (409) 832-9708 Facsimile
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
jcabanillas@thefergusonlawfirm.com

on this 16th day of July, 2021.

/s/ Shannon B. Schmoyer
Shannon B. Schmoyer