# EXHIBIT 1

JAMIE SMITH
DISTRICT CLERK, JEFFERSON COUN
1085 PEARL ST RM 203
BEAUMONT, TX  77701-3545



**9214 8901 0661 5400 0163 5462 29**

**RETURN RECEIPT (ELECTRONIC)**

---

UNITED PARCEL SERVICE INC
REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX  78701-3218**

CUT / FOLD HERE                                                                                                Zone 3

8"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

Citation by Mailing

# THE STATE OF TEXAS

No. D-0207795

MELISSA SONNIER
VS. UNITED PARCEL SERVICE INC ET AL

## CITATION BY MAILING

### 136th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **UNITED PARCEL SERVICE INC**
  **BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY**

by serving at:
**211 EAST 7TH STREET**
**SUITE 620**
**AUSTIN, TX    78701 0000**

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701.  The case is presently pending before the 136th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 14th day of June, 2021.  It bears cause number D-0207795 and is styled:

Plaintiff:

**MELISSA SONNIER**

VS.

**UNITED PARCEL SERVICE INC ET AL**

Defendant:

    The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

        **DISHON, CODY, Atty.**
        **FERGUSON LAW FIRM, LLP 350 PINE STREET, SUITE 1440**
        **BEAUMONT, TX   77701 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of June, 2021.

                        JAMIE SMITH, DISTRICT CLERK
                        JEFFERSON COUNTY, TEXAS

                    BY                              Deputy

            Jennifer

## RETURN OF SERVICE

D-0207795             136th JUDICIAL DISTRICT COURT
MELISSA SONNIER
UNITED PARCEL SERVICE INC ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
UNITED PARCEL SERVICE INC
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET
SUITE 620
AUSTIN, TX 78701 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in
_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and
places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____  _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

**FEES:**
Serving Petition and Copy  $_____
Total                               $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

#### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
               (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/14/2021 11:17 AM
JAMIE SMITH
DISTRICT CLERK
D-207795

CAUSE NO. D207795

| | | |
|---|---|---|
| **MELISSA SONNIER** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **UNITED PARCEL SERVICE, INC.,** | § | |
| **ET AL** | § | |
| *Defendants.* | § | |
| | § | **136th DISTRICT COURT** |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Melissa Sonnier ("Plaintiff"), and files *Plaintiff's Original Petition* against United Parcel Service, Inc. ("UPS") and Cory Thibodeaux, collectively referred to as "Defendants." In support thereof, Plaintiff would respectfully show unto this Honorable Court the following:

### NATURE OF THE CASE

1.1 The time's up! Women should feel safe and respected at work, not be subject to constant sexual harassment in the workforce, and employers like UPS should not turn a blind eye to what is happening. Sexual harassment is psychologically traumatizing to victims and has long-term physical health consequences.[1] Due to ongoing harassment by her UPS supervisor, Melissa Sonnier now suffers from elevated blood pressure, chest pain, and insomnia (among other things). Ms. Sonnier was also forced to miss several weeks of work, which UPS never paid. Additionally,

---

[1] "Sexual harassment is a form of psychological abuse that undermines an employee's ability to work, affecting her productivity and morale," said R.J. Ruff, director of the EEOC's Houston District Office. EEOC PRESS RELEASE, http://eeoc.gov/eeoc/newsroom/release/9-27-10f.cfm (Sept. 27, 2010); *see also* https://abcnews.go.com/Health/sexual-harassment-assault-affects-womens-psychological-physical-health/story?id=58268509 ("Researches at the University of Pittsburgh found that women who had experienced harassment or assault were about twice as likely to have elevated blood pressure and insomnia.").

1

she missed overtime opportunities because she ignored her supervisor's sexual advances. Ms. Sonnier brings this suit to educate the Defendants on the short- and long-term impact of ongoing sexual harassment in the workplace, and to stop and deter this type of behavior from happening again at UPS.

**DISCOVERY CONTROL PLAN**

2.1     Discovery is intended to be conducted under Level 3 of the TEXAS RULES OF CIVIL PROCEDURE, Rule 190.

**PARTIES**

3.1     Plaintiff, Melissa Sonnier, is a citizen of the State of Texas residing here in Jefferson County, Texas.

3.2     Defendant, UPS, is a powerful Ohio corporation with a principal place of business located in Texas.  Said Defendant can be served with process through its registered agent: Corporation Service Company D/B/A CSC-Lawyers Inco at 211 E. 7th Street Suite 620 Austin, Texas 78701.

3.3.     Defendant, Cory Thibodeaux, is a citizen of the State of Texas residing here in Jefferson County, Texas.  Said Defendant can be served with process at his usual place of business located at 3755 Washington Blvd., Beaumont, Texas 77705.

**JURISDICTION**

4.1     Plaintiff would show that jurisdiction is proper before this Honorable Court. This case is an action brought pursuant to rights secured by Texas and federal law. Defendants intentionally engaged in unlawful employment practices. Defendants violated, *inter alia*, the Texas Commission of Human Rights Act, TEXAS LABOR CODE Chapter 21 (see § 21 *et. seq,*), by discriminating against Plaintiff based upon her sex and creating a hostile work environment.

Furthermore, Plaintiff pleads in addition to state law—for all damages available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 *et seq.*, and any other applicable state or federal law. Plaintiff sues for actual damages incurred by the Plaintiff because of the discriminatory treatment at the hands of Defendants, together with an action for punitive damages.

      4.2     Plaintiff also brings a claim of negligence, assault, and intentional infliction of emotional distress against her UPS supervisor, Cory Thibodeaux.

      4.3     Although the amount of damages to be awarded to Plaintiff is a matter lying largely within the discretion of the jury, Texas law forces victims of discrimination to plead a specific amount of damages or else suffer the consequence of denied justice through litigation. Texas law forces Plaintiff, at the outset of litigation, to state a specific amount of damages or else be denied discovery and progression of the case. Recognizing that the jury and this Honorable Court are the ultimate arbiters of the amount to be award, because Texas law forces Plaintiff to plead an amount at this early stage, Plaintiff sues for monetary relief of over $1,000,000.00 at this time; Plaintiff fully reserves her right to supplement this petition and, if necessary, amend this amount.

**VENUE**

      5.1     Venue is appropriate in Jefferson County pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Jefferson County, Texas. Additionally, venue is appropriate in Jefferson County pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE Section 15.005.

**PROCEDURAL REQUISITES**

      6.1     Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the TEXAS RULES OF CIVIL PROCEDURE.

3

6.2     Plaintiff has exhausted all her administrative remedies. Plaintiff timely filed her written Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or Texas Workforce Commission on Human Rights and/or the Texas Workforce Commission-Civil Rights Division ("TCHR").[2]  EEOC and/or TCHR gave Plaintiff the right to sue via letter, a copy of which is attached hereto as Exhibit 1.

6.3     On April 16, 2021, she received her Notice of Right to File a Civil Action within 90 days in federal or state court.    The filing of this lawsuit has been accomplished within the 90 days of Plaintiff's receipt of the notice.

## OPERATIVE FACTS

7.1     Melissa Sonnier, a hard-working woman, was excited to receive employment at UPS. UPS is one of the world's largest package delivery and logistics companies with a plethora of facilities in the United States, including one in Beaumont, Texas.  Ms. Sonnier started at UPS on November 29, 2016, as a temporary leased worker and was ultimately hired by UPS on January 30, 2017, as a Part-Time Package Center Supervisor ("OMS Supervisor").

7.2     For several years, Ms. Sonnier worked at the UPS Beaumont facility without any problems or complaints.  UPS loved her enthusiasm, work-ethic, and dedication to the company. Similarly, Ms. Sonnier enjoyed working at UPS and did not experience any sexual harassment. That all changed once Cory Thibodeaux became her "boss" around 2019. Once Thibodeaux became the boss and had control over Ms. Sonnier, things materially changed for the worse.

---

[2] The EEOC and TCHR have a work-sharing agreement.  Thus, a complaint (like Plaintiff) need not file a separate charge with the EEOC after having filed a charge with TCHR, and vice versa.  In other words, TCHR and the EEOC act as agents for one another for limited purpose of receiving charges.  *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).

4

7.3     Ms. Sonnier became the subject of ongoing sexual harassment by her boss, Cory

Thibodeaux. She was forced to work in a sexually charged and hostile work environment ever

since Thibodeaux became the boss. Thibodeaux constantly harassed Ms. Sonnier by, *inter alia,*

making sexual comments, innuendos, and inappropriately touching her. When she refused his

sexual advances, Thibodeaux would prevent her from receiving overtime and avoided promoting

her to better hours or a new position.

7.4     When Ms. Sonnier worked at the UPS facility in Beaumont, Defendant Thibodeaux

would constantly come into her small office and close the door to discuss inappropriate sexual

jokes, show her lewd photographs, discuss sex and/or body parts such as her breasts, stare at her

body parts, and rub her shoulders. Thibodeaux started off by making sexual advances at her and

when those were ignored, he escalated his repugnant behavior.

7.5     Defendant Thibodeaux would enter Ms. Sonnier's small office, close the door, and

remove his wedding ring.  Often, he would place his wedding ring on his right finger to

demonstrate that he was not married while simultaneously making inappropriate and sexual

comments. Ms. Sonnier thought this behavior was bizarre. Over time, Thibodeaux would tell Ms.

Sonnier about how frustrated he was with his sex life. Thibodeaux would tell Ms. Sonnier stories

about how he tried to spice up his sex life because he was unhappy.

7.6     At some point, Defendant Thibodeaux inexplicably decided to work in Ms.

Sonnier's small office even though he had his own office.  While "working" in Ms. Sonnier's

office, Thibodeaux would constantly stare at her body (particularly her breasts), make

inappropriate "jokes," and crude sexual comments. Thibodeaux would dance inappropriately in

Ms. Sonnier's office, while making comments about his "butt" and asking if Ms. Sonnier "liked

it." Throughout these entire encounters, Ms. Sonnier unequivocally requested Thibodeaux stop

5

the inappropriate behavior. Thibodeaux would also habitually stand or sit too close to Ms. Sonnier, despite Ms. Sonnier's objections. Some of Thibodeaux's inappropriate conduct was observed by other UPS, but nothing was done.

7.7     Since UPS failed to recognize and address Thibodeaux's inappropriate behavior, Thibodeaux began escalating his sexual harassment. He began showing Ms. Sonnier lewd photographs of other women on his phone. These photographs were, according to Defendant Thibodeaux, photos from his ex-girlfriends who would send him inappropriate, private photos on occasion.[3] Defendant Thibodeaux specifically mentioned that he had a good way of "hiding' these photographs from his wife so she will "never find out." Defendant Thibodeaux then insinuated that Ms. Sonnier send him nude photos which she adamantly declined to do.

7.8     Later on, Defendant Thibodeaux started making comments about Ms. Sonnier's breasts and wanted to know if they were fake.   He would then discuss her breasts with other UPS employees.

7.9     One day, Defendant Thibodeaux started massaging Ms. Sonnier's shoulders, standing too close, and/or sitting too close to Ms. Sonnier. This behavior was sometimes done in the presence of other UPS employees.  However, like before, nothing was done. The inappropriate and highly offensive touching and massaging of the shoulders continued despite Ms. Sonnier asking Thibodeaux to stop and give her space.  Ms. Sonnier would constantly ask him to stay out of her office and return to his own office.  By this point, other UPS employees had noticed this repugnant behavior, yet the harassment continued.

7.10     Apparently UPS took some notice at some point and may have forced Defendant Thibodeaux to undergo sexual harassment training. Thibodeaux specifically told Ms. Sonnier that

---

[3] One photograph was of a woman with a "new tattoo."

6

he had to watch a sexual harassment video but that did not stop him. He continued to touch Ms. Sonnier. After watching the video on sexual harassment, Defendant Thibodeaux would enter into her office multiple times a day and would touch her shoulders saying, "appropriate touch." Clearly, he was mocking and making a joke out of the entire situation.

7.11    Defendant Thibodeaux then started appearing outside of Ms. Sonnier's office and knocking on the office window. Ms. Sonnier vividly recalls one occasion where Thibodeaux stood outside her office showing his finger going in and out of a hole in a sexual intercourse motion.

7.12    As the harassment continued, Defendant Thibodeaux would report to a UPS supervisor and/or other UPS employees in the office about how he would love to see Ms. Sonnier's breasts one day.

7.13    Ms. Sonnier's mental and physical health started to suffer with the constant sexual harassment. She felt alone and scared. Ms. Sonnier started having trouble sleeping. Her physical health deteriorated to the point where she started having chest pains and high blood pressure. She was forced to miss several weeks of work, which UPS never paid.

7.14    Around May of 2020, after months of constantly sexually harassing Ms. Sonnier and being rejected, Defendant Thibodeaux promoted another young, female UPS employee to replace Ms. Sonnier in her position. Before the big promotion, this young employee was placed into Ms. Sonnier's office so Ms. Sonnier could train her. As soon as this young employee started working in the office, Thibodeaux inexplicably placed cardboard over his office window in a way where no one could see inside his office. Again, bizarre behavior. Two months after training the young employee handpicked by Thibodeaux, he asked Ms. Sonnier if he could borrow the young employee while he "makes a resume for her so she can legally be an OMS." This indicated that

7

the young employee never applied or submitted a resume for the position. The young employee then went into the hidden cardboard boxed office for about 45 minutes to an hour to "make her resume." From there, Thibodeaux noticeably started showing lots of favoritism towards the young employee including making comments about his "favorite OMS." Thibodeaux mentioned that he was going to make a personal shirt for the young employee that says, "favorite OMS in training." Thibodeaux and his new favorite young girl would share food together in front of the other employees, at times eating off the same cliff bars.

7.15   On or around August 13, 2020, Defendant Thibodeaux showed increasingly graphic, distasteful, and vulgar pictures on his phone to Ms. Sonnier. Specifically, he showed Plaintiff an anus being repeatedly digitally penetrated ("fingered") and conveyed that he would like to change his profession to have this occupation – that of digitally penetrating the anus of another. Ms. Sonnier recalled other times in which Thibodeaux showed her other graphic lewd photographs on during work hours.

7.16   Defendant Thibodeaux made repeated, unsolicited, sexual advances to Ms. Sonnier as her direct boss and supervisor at UPS. Ms. Sonnier turned down every sexual advance from Thibodeaux and repeatedly asked him firmly to stop. The boss never stopped.

7.17   Eventually, after months of being a constant victim of sexual harassment, Ms. Sonnier was transferred from the Beaumont to Port Arthur facility. To make matters worse, UPS has kept Mr. Thibodeaux as Center Manager where he retains control over her progression within the company. That is right: Ms. Sonnier still works under the man who harassed her for all of 2020.

7.18    Defendant Thibodeaux's ongoing inappropriate and offensive behavior was nothing short of harassment. These actions were not simple teasing, offhand comments, or isolated incidents.

7.19    Ms. Sonnier's health issues were a direct result of the sexual harassment she experienced while working for UPS. Indeed, Ms. Sonnier experienced sexual harassment that explicitly affected her employment, unreasonably interfered with her work performance, and created an intimidating, hostile, and offensive work environment. Quite literally, this work environment was created by the hands of UPS and Cory Thibodeaux.

7.20    Despite UPS knowing that their supervisor was committing constant sexual misconduct in the workplace (and, presumably, directly violating UPS own policies), Defendant UPS required Ms. Sonnier to work with Defendant Thibodeaux for all of 2020 (and even today, as he serves as her supervisor).   UPS created an environment that required an employee who complained of sexual harassment to be in close daily contact with the very employee who harassed her.   As a result of Defendant Thibodeaux's actions and/or UPS failing to take any precautionary actions to separate Ms. Sonnier and Defendant Thibodeaux, Ms. Sonnier suffers from stress, fear, and anxiety.   The time for change is now.   No more!

**CAUSES OF ACTION**

**A. Chapter 21 of the Texas Labor Code**

8.1    Texas and federal law generally protects employees like Ms. Sonnier against severe or pervasive harassment in the workplace.[4]   The Texas Labor Code makes it unlawful for an employer to discriminate against an employee because of sex.   Sexual harassment is a form of sex

---

[4] Under Tex. Lab. Code Section 21.000(1)-(2), employees are provided rights and remedies for employment discrimination that are substantially equivalent to protection under federal civil rights laws.

discrimination prohibited by law.  *See e.g., Syndex Corp. v. Dean,* 820 S.W.2d 869, 871 (Tex. App.—Austin 1991, writ denied)(citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

8.2    Defendants, by and through its agent and employees, has intentionally engaged in the aforementioned practices of sexual harassment, discrimination, and retaliation made unlawful under Texas law.  Their conduct here constitutes both a quid pro quo sexual harassment claim and hostile work environment claim.  *See e.g., Garcia v. Schwab,* 967 S.W.2d. 883, 885 (**Tex.** App.-Corpus Christi 1998, no pet.) (discussing hostile work environment as a form of sexual harassment); *Ewald v. Wornick Family Foods, Corp.,* 878 S.W.2d 653, 659 (**Tex.** App.-Corpus Christi 1994, writ denied) (setting out the elements of a hostile work environment claim).

## B. Title VII of the Civil Rights Act of 1964 ("Title VII")

8.3    Title VII of the Civil Rights Act of 1964 prohibits discrimination like this in the workplace.  UPS is liable for sexual harassment under Title VII because it failed to adequately respond to the incidents of sexual harassment that have created a hostile work environment for Ms. Sonnier.  The harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment.  UPS knew, or should have known, of the harassment in question but failed to take prompt remedial action.

8.4    In addition to creating a hostile work environment, UPS also violated Title VII by committing illegal quid pro quo harassment.  Defendants denied her to work overtime and other promotions because she refused her supervisor's unwanted sexual advances.  She faced retaliation because she refused to engage in Defendants' inappropriate and unwanted sexual games.

8.5     This case is a textbook example of both (a) quid pro quo harassment[5] and (b) hostile

work environment.[6] Because Defendants violated Title VII, Plaintiff suffered physical and

emotional damages.

## C. Civil Assault – Offensive Physical Contact

8.6     Defendant Thibodeaux committed assault on Plaintiff.    Specifically, Defendant

Thibodeaux intentionally and knowingly caused physical contact with Plaintiff when he knew, or

should have reasonably known, that Plaintiff would regard such contact as offensive or

provocative. As a result of the assault, Plaintiff suffered damages as described throughout the

complaint.

8.7     Additionally, Defendant Thibodeaux violated Section 42.07 of the Penal Code

(harassment).

## D. Negligence

8.8     Plaintiff brings a negligence claim against Defendant Thibodeaux for his egregious

actions.   Some of Defendant Thibodeaux's negligent acts, wrongs, and/or omissions include,

without limitation, the following:

   a.      Unwelcomed verbal conduct such as derogatory jokes, sexual advances or
           invitations, and other inappropriate and offensive comments;

   b.      Unwelcomed physical conduct such as unwanted touching and/or massages;

---

[5] Quid pro quo harassment occurs when a supervisor or someone in a position of authority requests for sexual favors
or conduct in exchange for tangible results.  For example, when Ms. Sonnier refused her supervisor's sexual advances
here, Defendant Thibodeaux would prevent her from receiving overtime and avoided promoting her to better hours
and/or a new position.
[6] There was unequivocally a hostile work environment here.  Every time Plaintiff's boss summoned her to his office,
and when he would enter her office, it usually led to Defendant Thibodeaux propositioning her for sex and/or him
making some sexual remark.  And, when she was alone with her boss, he would make a sexual pass and/or discuss
sexual matters.

c.     Unwelcomed gestures with his hands to simulate sex acts;

d.     Repeated sexual comments regarding Plaintiff's appearance;

e.     Discussing his sex life constantly with Plaintiff;

f.     Repeated sexual innuendos and/or comments to Plaintiff;

g.     Circulating sexually oriented material including nude or semi-nude photos and/or videos in the workplace;

h.     Commenting to others about the sexual things and/or Plaintiff's body parts;

i.     Seeking Plaintiff to describe her body parts to him;

j.     Failing to follow policies and procedures promulgated by UPS; and

k.     Violating state and federal law on sexual harassment.

**E. Intentional Infliction of Emotional Distress**

8.9     Defendant Thibodeaux engaged in conduct to Ms. Sonnier that is extreme and outrageous so as to exceed the bounds of decency in a civilized society. He engaged in this conduct intentionally, knowingly, and willfully. His conduct was the proximate cause of injury to Ms. Sonnier who has suffered physically and emotionally. Ms. Sonnier has sustained and will sustain pain and suffering and psychological and emotional distress, mental anguish, embarrassment, and humiliation. Accordingly, Ms. Sonnier is entitled to recovery against Defendant Thibodeaux for the damages proximately caused by his conduct in an amount to be determined at trial.

## DAMAGES

9.1     Plaintiff pleads, in addition to state law, for all damages available under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981a, and any other applicable state or federal law. Plaintiff has been caused to endure mental anguish due to the demeaning and harassing conduct she was subjected to by the Defendants for which she brings suit. Plaintiff also seeks attorney's fees, expert fees, back-pay, front-pay, lost wages (past and future), lost earning capacity (past and future), medical bills (past and future), mental pain and mental anguish (past

and future), physical impairment (past and future), pain and suffering (past and future), loss of enjoyment of life and peace of mind (past and future), exemplary and/or punitive damages, and court costs. *See e.g.,* TEXAS LABOR CODE § 21.259. *See* 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981a. et. seq.

9.2     Plaintiff further asserts her right to recover over and from Defendants any and all interest allowed by law including pre- and post-judgement interest.

### PUNITIVE DAMAGES

10.1     As a result of the foregoing and unlawful employment practices of the Defendants, Plaintiff has suffered cruel and unjust hardships in conscious disregard for the Plaintiff's rights. Such actions are and were reckless and/or intentional, in bad faith and in total disregard of the Plaintiff's rights and with recklessness or intent of causing the Plaintiff emotional distress. Plaintiff has, in fact, suffered and will continue to suffer emotional distress as a result of these actions of Defendants and plaintiff is thus entitled to recover, in addition to actual damages, punitive damages and/or exemplary damages because of the nature of the actions of Defendants.

### PRESERVATION OF EVIDENCE

11.1     Plaintiff hereby requests and demands that all Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, including but not limited to communications, statements, electronic data, videos, and photographs. Plaintiff also specifically demands that Defendant Thibodeaux preserve his cellular devices along with his photographs, videos, and text messages.  Plaintiff intends on inspecting the phone for evidence of his harassment.

### JURY TRIAL

12.1     Plaintiff respectfully requests a jury trial and tenders the appropriate fee.

13

## RIGHT TO AMEND

13.1    Plaintiff reserves the right to, based upon additional information during the course of discovery, amend these pleadings to include additional parties as appropriate, omit parties as appropriate, amend claims, allegations, causes of action, names, and grounds for recovery in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

## RULE 193.7 NOTICE

14.1    Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, this is the actual written notice to you that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial.  Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that the Defendants be cited to appear and answer herein, and that upon final trial hereof, the Court:

a.  Award Plaintiff past and future actual, general, special, consequential, punitive, exemplary, and nominal damages which she has suffered as a result of Defendants' negligent and/or discriminatory conduct;

b.  Award Plaintiff past and future damages for the mental anguish and/or extreme emotional distress which she has suffered (and continues to suffer) as a result of Defendants' actions;

14

c.  Award Plaintiff past and future lost wages, past and future lost benefits, past and future loss of earning capacity, back-pay, front-pay, and other actual and/or consequential damages (past and future) as a result of Defendant's actions;

d.  Award Plaintiff punitive damages in an appropriate amount deemed sufficient to prevent these Defendants from repeating this discriminatory conduct;

e.  Award Plaintiff court costs, prejudgment interest, and post judgment interest, including reasonable attorney's fees;

f.  Award Plaintiff all other relief, at law or in equity, which the Court deems just and proper.

Respectfully Submitted,

THE FERGUSON LAW FIRM, L.L.P.

*Cody A. Dishon*

Cody Dishon
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
Javier Cabanillas
State Bar No. 24094234
jcabanillas@thefergusonlawfirm.com
350 Pine Street, Suite 1440
Beaumont, Texas 77704
(409)832-9700 - telephone
(409)832-9708- facsimile
***Attorneys for Plaintiff Melissa Sonnier***

15

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ms. Melissa R. Sonnier | From: **Houston District Office**<br>**Mickey Leland Building**<br>**1919 Smith Street, 7th Floor**<br>**Houston, TX 77002** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative<br><br>Ronnette Ramirez,<br>Investigator | Telephone No.<br><br>(346) 327-7689 |
| 460-2020-05523 | | |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Jeremy Crosbie    Digitally signed by Jeremy Crosbie<br>Date: 2021.04.16 10:14:48 -05'00'   For    04/16/2021

| Enclosures(s) | Rayford O. Irvin,<br>District Director | (Date Issued) |
|---|---|---|

cc: Ms. Shannon B. Schmoyer, Attorney<br>Schmoyer Reinhard LLP<br>8000 IH 10 West, Ste. 1600<br>San Antonio, TX 78230

Mr. Lowell Keig, Exec. Dir.<br>TWC Civil Rights Div.<br>101 East 15th Street Room 144-T<br>Austin, TX 78778

Enclosure with EEOC<br>Form 161 (11/2020)





CERTIFIED MAIL

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 77701 $ 006.95⁰
02  1W
0001389146 JUN 15. 2021